NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000373
09-MAY-2014
08:04 AM

NO. CAAP-12-0000373

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JANONE OTTO, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NOS. 1P111-03607, 1P111-03608, 1P111-03609)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Janone Otto ("Otto") appeals from the convictions entered against him after a bench trial on January 19, 2012 in the District Court of the First Circuit ("District Court").[1]  The District Court convicted Otto on one count of Criminal Property Damage in the Fourth Degree ("Count I"), in violation of Hawaii Revised Statutes ("HRS") § 708-823 (Supp. 2013),[2] and two counts of Harassment, in violation of HRS § 711-1106(1)(a) (Supp. 2013) ("Counts II and III").[3]  Otto was

---

[1]    The Honorable Faye Koyanagi presided.

[2]    HRS § 708-823 provides, in relevant part:

> A person commits the offense of criminal property damage in the fourth degree if by means other than fire, the person intentionally or knowingly damages the property of another without the other's consent.

HAW. REV. STAT. § 708-823.

[3]    HRS § 711-1106 provides, in relevant part:

> (1) A person commits the offense of harassment if,
> with intent to harass, annoy, or alarm any other person,

sentenced, in part, to five days in jail and six months of probation.

On appeal, Otto argues that there was not substantial evidence to support conviction on any of the counts.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Otto's point of error as follows:

We apply the following rules when reviewing the sufficiency of the evidence:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.
>
> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

*State v. Jones*, 96 Hawai'i 161, 181-82, 29 P.3d 351, 371-72 (2001) (citations omitted) (quoting *State v. Birdsall*, 88 Hawai'i 1, 8, 960 P.2d 729, 736 (1998)). Additionally, "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." *State v. Bailey*, 126 Hawai'i 383, 406, 271 P.3d 1142, 1165 (2012) (quoting *State v. Martinez*, 101 Hawai'i 332, 340, 68 P.3d 606, 614 (2003)).

Otto was involved in an altercation with two women, Tina Ishikawa ("Ishikawa") and Tiana Paia ("Paia"). Ishikawa was driving Paia home when a beer bottle struck her car. It was

---

that person:

(a)    Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

HAW. REV. STAT. § 711-1106.

undisputed at trial that Otto had thrown the bottle.[4] Testimony at trial described the verbal and physical confrontation that ensued.

Otto argues that there was no substantial evidence at trial that could establish that he had the requisite mental state to be found guilty of each offense. We disagree.

"[A]s trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." *State v. Batson*, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992) (citing *State v. Halmos*, 70 Haw. 14, 16, 755 P.2d 1226, 1227 (1988)). "[P]roof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient. . . . [T]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." *Id.* at 254, 831 P.2d at 934 (original brackets omitted) (quoting *State v. Sadino*, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982)).

As to Count I, Ishikawa testified that, as they drove slowly through the neighborhood, she noticed Otto "raise his hand up" and "saw him throw the bottle at [her] car[.]" Her companion, Paia, testified that she "just seen [Otto with] a beer bottle in his hand . . . he threw the bottle at us -- at the car," adding later that "[h]e raised his hand, whipped the bottle[.]" After Paia angrily confronted Otto, "[h]e chased [her] around the car poking [her] face telling [her] to get out of his neighborhood or he was gonna kill [her]." The testimony was found credible by the District Court. Viewing this evidence in the strongest light for the prosecution, we conclude that there was substantial evidence to support Otto's conviction on Count I.

As to Counts II and III, Ishikawa testified that Otto "approached [them], and he was . . . threatening [them]," that "he placed his arm on [Ishikawa's] shoulder and shoved [her],"

_____

[4] Although Otto testified that it was a can that he threw into the street, Otto's trial counsel stated in closing argument that there was a language barrier and the physical evidence included a broken beer bottle, and no can.

"[h]e poked [Paia] in . . . her face near her eye," and "told [them] that he was gonna kill [them]." Paia testified that "as soon as [they] stopped [Otto] was already coming . . . towards us[,]" that she and Otto were "just going at it, swearing, yelling at each other," that "he was coming at [her] and [she] was walking backwards, and he just kept poking [her,]" and that he poked her three or four times in the face. Additionally, Otto stipulated that police officers, when arriving on scene, found him "to be agitated, angry, and [that he] had been drinking alcohol." Viewing this evidence in the strongest light for the prosecution, we conclude that there was substantial evidence to support Otto's conviction on Counts II and III.

Otto also argues that the State failed to disprove his justification defense that he was acting in self-defense when he shoved Ishikawa and poked Paia. Assuming, for the sake of argument, that this defense was properly submitted to the trial court,[5] Otto's argument nevertheless fails.

"The prosecution disproves a justification defense beyond a reasonable doubt when the trial court believes the prosecution's case and disbelieves the defendant's case." *State v. Jhun*, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996) (citing *State v. Gabrillo*, 10 Haw. App. 448, 456-57, 877 P.2d 891, 895 (1994)); commentary to HAW. REV. STAT. § 701-115 (1993)). Because the trial court found "that [Ishikawa and Paia] were credible and testified consistently as to what happened" and that "[t]he defendant was not as credible[,]" we conclude that the District court believed the State's case and disbelieved Otto's. *See Bailey*, 126 Hawai'i at 406, 271 P.3d at 1165. Therefore, to the extent that it was properly submitted, the State disproved Otto's justification defense. *Jhun*, 83 Hawai'i at 483, 927 P.2d at 1366.

Therefore,

IT IS HEREBY ORDERED that the three Notices of Entry of Judgment and/or Order, filed on April 28, 2014 in the District

---

[5] Otto's trial counsel alluded to the possibility of self-defense in closing argument by stating that if Otto touched the women, it was to "clear space because they were in his space."

Court of the First Circuit, are affirmed.

DATED:  Honolulu, Hawai‘i, May 9, 2014.

On the briefs:


Thomas R. Waters
(Hawk Sing Ignacio & Waters)
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge